144 So. 124

**ALABAMA GREAT SOUTHERN R. CO. v. BROWN.**

**7 Div. 897.**

Court of Appeals of Alabama.

Nov. 1, 1932.

Goodhue & Lusk, of Gadsden, for appellant.

Chas. J. Scott, of Ft. Payne, for appellee. Brief did not reach the Reporter.

RICE, J.

Stripped of all obviously immaterial considerations, this appeal involves only the question of whether or not an amount correctly due appellant by appellee for demurrage on a car engaged in interstate commerce could be lawfully reduced—and a lesser amount accepted in payment thereof—by one of appellant's duly authorized agents, in this case its attorney.

Well, it could not, and there's no need for any extended discussion by us. The authorities are so numerous that citation would seem to be unnecessary. As said by Mr. Justice Hughes, for the Supreme Court of the United States, in the case of L. & N. R. R. Co. v. Maxwell, 237 U. S. 94, 35 S. Ct. 494, 495, 59 L. Ed. 853, L. R. A. 1915E, 665: "The rate of the

carrier duly filed is the only lawful charge. Deviation from it is not permitted upon any pretext. Shippers and travelers are charged with notice of it, and they as well as the carrier must abide by it. * * * Ignorance or misquotation of rates is not an excuse for paying or charging either less or more than the rate filed. This rule is undeniably strict, and it obviously may work hardship in some cases, but it embodies the policy which has been adopted by Congress in the regulation of interstate commerce in order to prevent unjust discrimination." And see Galveston, H. & S. A. Ry. Co. v. Lykes Bros. (D. C.) 294 F. 968, and our own Supreme Court's case of N., C. & St. L. Ry. Co. v. Gilliam et al., 212 Ala. 120, 101 So. 889, and other cases in abundant number.

There being no conflict in the legal evidence in this case showing the amount of appellee's indebtedness to appellant to be $23, and the excuse for its nonpayment offered by way of purported plea being untenable in law, the trial court should have given to the jury at appellant's request the general affirmative charge to find in its favor for the amount named.

For the error in refusing this charge, the judgment is reversed, and the cause remanded.

Reversed and remanded.